## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAE HWAN HWANG and ) | |
| YOUNG HWANG ) | CIVIL ACTION |
| v. ) | |
| BUTCHER BOY LIMITED d/b/a ) | |
| BUTCHER BOY, and IGB SYSTEMS LTD. ) | NO. 209-CV-01178-EL |
| d/b/a BUTCHER BOY, and WILLIAM LASAR III ) | |
| d/b/a BUTCHER BOY, and BUTCHER BOY, and ) | |
| LASAR MANUFACTURING COMPANY, INC. ) | |
| d/b/a BUTCHER BOY, and WESTGLEN ) | |
| CORPORTION d/b/a BUTCHER BOY, and ) | |
| AMERICAN MEAT EQUIPMENT CORP. d/b/a ) | |
| BUTCHER BOY, and AMERICAN MEAT ) | |
| EQUIPMENT LLC d/b/a BUTCHER BOY and, ) | |
| BUTCHER BOY, and SIEMENS-FURNAS ) | |
| CONTROLS, and FURNAS ELECTRIC CO. ) | |

## DEFENDANTS AMERICAN MEAT EQUIPMENT CORP. (incorrectly identified as American Meat Equipment Corp. d/b/a Butcher Boy ) AND AMERICAN MEAT EQUIPMENT LLC (incorrectly identified as American Meat Equipment LLC, d/b/a Butcher Boy)'s ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS TO PLAINTIFFS' COMPLAINT

Defendants American Meat Equipment Corp.(incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC, d/b/a Butcher Boy), by and through their attorneys, Deasey, Mahoney, Valentini & North, Ltd., hereby file this Answer with Affirmative Defenses and Cross Claims to Plaintiffs' Complaint:

1.      Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial.

2.      Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments

contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial.

3 – 8. Denied. These paragraphs are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

9. Denied. Answering Defendant American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) does not d/b/a Butcher Boy. The remaining averments of this paragraph are also denied and strict proof thereof is demanded at time of trial.

10. Admitted in part and denied in part. It is admitted only that Defendant American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC d/b/a Butcher Boy) has a regular place of business at 640 Mulberry Ave., Selmer, TN 38375. Answering Defendant American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC d/b/a Butcher Boy) does not d/b/a Butcher Boy. The remaining averments of this paragraph are denied and strict proof thereof is demanded at time of trial.

11. Denied. Defendant, Butcher Boy, does not have a regular place of business located at 640 Mulberry Ave., Selmer, TN 38375. The remaining averments of this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

12.     Denied. These paragraphs are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

13.     Denied. These paragraphs are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

14.     Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial.

15.     Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial. By way of further response, it is specifically denied that the "off" switch was improperly placed out of Plaintiff's reach or that Answering Defendants were responsible for the placement of the "off" switch on the meat grinder.

16.     Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial. Answering Defendants specifically deny that they were negligent and/or careless in any way. To the contrary, Answering Defendants acted reasonably

and with due care at all times. If Plaintiffs were injured in the way alleged, said injuries were caused by the negligence and carelessness and/or the assumption of the risk of Plaintiffs and/or the actions or omissions of third parties over whom Answering Defendants had no control.

17. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial. Answering Defendants specifically deny that they were negligent and/or careless in any way. To the contrary, Answering Defendants acted reasonably and with due care at all times. If Plaintiffs were injured in the way alleged, said injuries were caused by the negligence and carelessness and/or the assumption of the risk of Plaintiffs and/or the actions or omissions of third parties over whom Answering Defendants had no control.

18. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial. Answering Defendants specifically deny that they were negligent and/or careless in any way. To the contrary, Answering Defendants acted reasonably and with due care at all times. If Plaintiffs were injured in the way alleged, said injuries were caused by the negligence and carelessness and/or the assumption of the risk of Plaintiffs and/or the actions or omissions of third parties over whom Answering Defendants had no control.

19.    Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial. Answering Defendants specifically deny that they were negligent and/or careless in any way. To the contrary, Answering Defendants acted reasonably and with due care at all times. If Plaintiffs were injured in the way alleged, said injuries were caused by the negligence and carelessness and/or the assumption of the risk of Plaintiffs and/or the actions or omissions of third parties over whom Answering Defendants had no control.

20.    Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial. Answering Defendants specifically deny that they were negligent and/or careless in any way. To the contrary, Answering Defendants acted reasonably and with due care at all times. If Plaintiffs were injured in the way alleged, said injuries were caused by the negligence and carelessness and/or the assumption of the risk of Plaintiffs and/or the actions or omissions of third parties over whom Answering Defendants had no control.

21.    Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph which are directed to other defendants, and therefore denies same and demands strict proof thereof at time of trial. To the extent these

allegations are directed to the Answering Defendants, Answering Defendants deny that they designed, manufactured, distributed, sold, marketed and/or otherwise placed into the stream of commerce the meat grinder, including the "ON/OFF" switch at issue.

22. Denied. This paragraph is not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

23. Denied. This paragraph is not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

24. Denied. This paragraph is not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

25. Denied. This paragraph is not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

26. Denied. This paragraph is not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

27. Denied. This paragraph is not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

28. Denied. This paragraph is not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

29. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, it is specifically denied that American Meat Equipment Corp. and/or American Meat Equipment LLC are the "alter ego[s]" of Defendants, Lasar Manufacturing Co. and Westglen Corporation. Denied. To the extent that the remaining allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

30. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

## COUNT I

## JAE HWAN HWANG V. BUTCHER BOY LIMITED d/b/a BUTCHER BOY STRICT LIABILITY

31.     Answering Defendants hereby incorporate Paragraphs 1 -30 as if the same were fully set forth herein.

32 .    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

33.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT II

## JAE HWAN HWANG V. BUTCHER BOY LIMITED d/b/a BUTCHER BOY NEGLIGENCE

34.     Answering Defendants hereby incorporate Paragraphs 1 -33 as if the same were fully set forth herein.

35 (a-jj).Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

36.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT III

## JAE HWAN HWANG V. BUTCHER BOY LIMITED d/b/a BUTCHER BOY BREACH OFWARRANTY

37.     Answering Defendants hereby incorporate Paragraphs 1 -36 as if the same were fully set forth herein.

38.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain

conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

39. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT IV

## JAE HWAN HWANG V. BUTCHER BOY LIMITED d/b/a BUTCHER BOY FRAUDULENT CONVEYANCE

40. Answering Defendants hereby incorporate Paragraphs 1 -39 as if the same were fully set forth herein.

41. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

42. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these

allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

43.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT V

## JAE HWAN HWANG V. BUTCHER BOY LIMITED d/b/a BUTCHER BOY PIERCE CORPORATE VEIL

44.    Answering Defendants hereby incorporate Paragraphs 1 -43 as if the same were fully set forth herein.

45.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

46.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these

allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

47. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

48. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT VI

### JAE HWAN HWANG V. BUTCHER BOY LIMITED d/b/a BUTCHER BOY SUCCESSOR LIABILITY

49. Answering Defendants hereby incorporate Paragraphs 1 -48 as if the same were fully set forth herein.

50. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

51. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

52. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

53. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

<u>**COUNT VII**</u>

<u>**JAE HWAN HWANG V. IGB SYSTEMS LTD d/b/a BUTCHER BOY STRICT LIABILITY**</u>

54. Answering Defendants hereby incorporate Paragraphs 1 -53 as if the same were fully set forth herein.

55. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these

allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

56. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT VIII

### JAE HWAN HWANG V. IGB SYSTEMS LTD d/b/a BUTCHER BOY NEGLIGENCE

57. Answering Defendants hereby incorporate Paragraphs 1 -56 as if the same were fully set forth herein.

58 (a-jj). The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

59.     The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT IX

### JAE HWAN HWANG V. IGB SYSTEMS LTD d/b/a BUTCHER BOY BREACH OF WARRANTY

60.     Answering Defendants hereby incorporate Paragraph 1 -59 as if the same were fully set forth herein.

61.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

62.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain

conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT X

## JAE HWAN HWANG V. IGB SYSTEMS LTD d/b/a BUTCHER BOY FRAUDULENT CONVEYANCE

63.    Answering Defendants hereby incorporate Paragraphs 1 -62 as if the same were fully set forth herein.

64.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

65.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

66.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XI

### JAE HWAN HWANG V. IGB SYSTEMS LTD d/b/a BUTCHER BOY PIERCE CORPORATE VEIL

67.     Answering Defendants hereby incorporate Paragraphs 1 -66 as if the same were fully set forth herein.

68.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

69.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

70.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

71.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these

allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XII

### JAE HWAN HWANG V. IGB SYSTEMS LTD d/b/a BUTCHER BOY SUCCESSOR LIABILITY

72.     Answering Defendants hereby incorporate Paragraphs 1 -71 as if the same were fully set forth herein.

73.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

74.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

75.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

76.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XIII

### JAE HWAN HWANG V. WILLIAM LASAR III d/b/a BUTCHER BOY STRICT LIABILITY

77.     Answering Defendants hereby incorporate Paragraphs 1 -76 as if the same were fully set forth herein.

78.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

79.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain

conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

<u>COUNT XIV</u>

<u>JAE HWAN HWANG V. WILLIAM LASAR III d/b/a BUTCHER BOY<br>NEGLIGENCE</u>

80.    Answering Defendants hereby incorporate Paragraphs 1-79 as if the same were fully set forth herein.

81 (a-jj). Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

82.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XV

## JAE HWAN HWANG V. WILLIAM LASAR III d/b/a BUTCHER BOY
## BREACH OF WARRANTY

83.     Answering Defendants hereby incorporate Paragraphs 1 -83 as if the same were fully set forth herein.

84.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

85.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment

LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XVI

### JAE HWAN HWANG V. WILLIAM LASAR III d/b/a BUTCHER BOY
### FRAUDULENT CONVEYANCE

86. Answering Defendants hereby incorporate Paragraphs 1 -85 as if the same were fully set forth herein.

87. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

88. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

89. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

90. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

91. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

92. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

93. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

94. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

95. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment

LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XVII

## JAE HWAN HWANG V. WILLIAM LASAR III d/b/a BUTCHER BOY PIERCE CORPORATE VEIL

96.     Answering Defendants hereby incorporate Paragraphs 1 -95 as if the same were fully set forth herein.

97.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, it is specifically denied that the corporate veil of Answering Defendants should be pierced. Moreover, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

98.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XVIII

## JAE HWAN HWANG V. WILLIAM LASAR III d/b/a BUTCHER BOY
## BREACH OF FIDUCIARY DUTY OF LIQUIDATING TRUSTEE

99.     Answering Defendants hereby incorporate Paragraphs 1 -98 as if the same were fully set forth herein.

100.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

101.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

102.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XIX

## JAE HWAN HWANG V. BUTCHER BOY
## STRICT LIABILITY

103.     Answering Defendants hereby incorporate Paragraphs 1 -102 as if the same were fully set forth herein.

104.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required.  By way of further response, Answering Defendants specifically deny that Butcher Boy is located at 640 Mulberry Ave., Selmer, TN 38375.  To the extent the remaining allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

105.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

106.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment

LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XX

### JAE HWAN HWANG V. BUTCHER BOY
### NEGLIGENCE

107.    Answering Defendants hereby incorporate Paragraphs 1 -106 as if the same were fully set forth herein.

108 (a-jj). Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

109.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

# COUNT XXI

## JAE HWAN HWANG V. BUTCHER BOY
## BREACH OF WARRANTY

110.    Answering Defendants hereby incorporate Paragraphs 1-109 as if the same were fully set forth herein.

111.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

112.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXII

## JAE HWAN HWANG V. BUTCHER BOY
## FRAUDULENT CONVEYANCE

113.     Answering Defendants hereby incorporate Paragraphs 1 -112 as if the same were fully set forth herein.

114.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

115.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

116.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXIII

## JAE HWAN HWANG V. BUTCHER BOY
## PIERCE CORPORATE VEIL

117.    Answering Defendants hereby incorporate Paragraphs 1 -116 as if the same were fully set forth herein.

118.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

119.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

120.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

121.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and

American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXIV

### JAE HWAN HWANG V. BUTCHER BOY
### SUCCESSOR LIABILITY

122. Answering Defendants hereby incorporate Paragraphs 1 -121 as if the same were fully set forth herein.

123. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

124. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

125. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

126. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXV

## JAE HWAN HWANG V. LASAR MANUFACTURING COMPANY, INC. d/b/a BUTCHER BOY STRICT LIABILITY

127.    Answering Defendants hereby incorporate Paragraphs 1 -126 as if the same were fully set forth herein.

128.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

129.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment

LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXVI

### JAE HWAN HWANG V. LASAR MANUFACTURING COMPANY, INC. d/b/a BUTCHER BOY
### NEGLIGENCE

130. Answering Defendants hereby incorporate Paragraphs 1 -129 as if the same were fully set forth herein.

131 (a-jj). Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

132. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXVII

## JAE HWAN HWANG V. LASAR MANUFACTURING COMPANY, INC. d/b/a BUTCHER BOY BREACH OF WARRANTY

133.    Answering Defendants hereby incorporate Paragraphs 1 -132 as if the same were fully set forth herein.

134.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

135.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

# COUNT XXVIII

## JAE HWAN HWANG V. WESTGLEN CORPORATION d/b/a BUTCHER BOY
## STRICT LIABILITY

136.    Answering Defendants hereby incorporate Paragraphs 1-135 as if the same were fully set forth herein.

137.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

138.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXIX

## JAE HWAN HWANG V. WESTGLEN CORPORATION d/b/a BUTCHER BOY
## NEGLIGENCE

139.    Answering Defendants hereby incorporate Paragraphs 1 -138 as if the same were fully set forth herein.

140 (a-jj). Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

141.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXX

## JAE HWAN HWANG V. WESTGLEN CORPORATION d/b/a BUTCHER BOY
## BREACH OF WARRANTY

142. Answering Defendants hereby incorporate Paragraphs 1 -141 as if the same were fully set forth herein.

143. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

144. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXXI

## JAE HWAN HWANG V. WESTGLEN CORPORATION d/b/a BUTCHER BOY
## FRAUDULENT CONVEYANCE

145.     Answering Defendants hereby incorporate Paragraphs 1 -144 as if the same were fully set forth herein.

146.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

147.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

148.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

149.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

150.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these

allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXXII

## JAE HWAN HWANG V. WESTGLEN CORPORATION d/b/a BUTCHER BOY PIERCE CORPORATE VEIL

151.    Answering Defendants hereby incorporate Paragraphs 1 -150 as if the same were fully set forth herein.

152.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

153.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment

LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXXIII

## JAE HWAN HWANG V. WESTGLEN CORPORATION d/b/a BUTCHER BOY SUCCESSOR LIABILITY

154.    Answering Defendants hereby incorporate Paragraphs 1 -153 as if the same were fully set forth herein.

155.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

156.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

157.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment

LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXXIV

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, CORP. (incorrectly identified as AMERICAN MEAT EQUIPMENT CORP. d/b/a BUTCHER BOY) STRICT LIABILITY

158.    Answering Defendants hereby incorporate Paragraphs 1 -157 as if the same were fully set forth herein.

159.    Denied. These allegations contain conclusions of law to which no responsive pleading is required. Answering Defendants specifically deny that they are strictly liable to Plaintiffs and specifically deny that the product was defective and/or that it was unreasonably dangerous at the time it was distributed. It is further specifically denied that Answering Defendants failed to warn Plaintiffs and other prospective users. The remaining averments of this paragraph are denied and strict proof thereof is demanded at time of trial.

160.    Denied. These allegations contain conclusions of law to which no responsive pleading is required. It is specifically denied that Plaintiffs sustained any injuries and damages caused by Answering Defendants. It is further specifically denied that the product was defective and/or had otherwise dangerous propensities.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

# COUNT XXXV

## JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, CORP. (incorrectly identified as AMERICAN MEAT EQUIPMENT CORP. d/b/a BUTCHER BOY) NEGLIGENCE

161. Answering Defendants hereby incorporate Paragraphs 1-160 as if the same were fully set forth herein.

162 (a-jj). Denied. The allegations in this contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial. However, by way of further response, there was no negligence, carelessness and/or recklessness caused by Answering Defendants, and it is specifically denied that Answering Defendants:

     a.    improperly placed the "ON/OFF" switch in safe position;

     b.    failed to properly position the "ON/OFF" switch. Further, it is denied that it was hazardous to Plaintiffs;

     c.    failed to place a durable safety guard on the product;

     d.    failed to have a "foolproof" guard that was permanently attached;

     e.    failed to lengthen the feed throat to move the grinder farther away from the operator's fingers;

     f.    failed to have an emergency stop switch;

     g.    permitted a defective product to be placed into the stream of commerce. Answering Defendants further specifically deny that the product was defective.

     h.    failed to do anything to notify owners of potential improvements made to the product, including a retrofit program;

i.      failed to notify the owners of the dangers of the product. It is further specifically denied that the product had any dangers.

j.      failed to adequately warn of the inherent danger and propensities of its product. It is further specifically denied that the product had any inherent dangers or propensities;

k.      failed to adequately provide for protective measures including a "fail-safe" technology;

l.      failed to employ adequate measures in the assembly, design, manufacture, recondition and production of the product. It is further specifically denied that Answering Defendants assembled, designed, manufactured, reconditioned and produced the product and it is specifically denied that the product was a hazard;

m.      failed to protect the product from seizing to function safely and properly;

n.      failed to inspect the product so as to prevent an injury from occurring;

o.      failed to properly design said product in such a manner as would afford adequate protection from injury of the lawful user thereof. It is further specifically denied that Answering Defendants designed said product and that the product did not contain adequate protection.

p.      failed to supply adequate warnings to the users thereof. It is further specifically denied that the product malfunctioned;

q.      failed to supply any notices of warnings of the dangers of the product. It is further specifically denied that the product was dangerous;

r.      failed to design, manufacture and assemble said product in such a manner that it would not become defective. It is further specifically denied that Answering

Defendants designed, manufactured or assembled the product and that the product was defective.

s.     failed to warn the Plaintiff or other users of the risk of the product. It is specifically denied that the product contained risks requiring warning;

t.     failed to exercise due care in the design, assemble or manufacture the product. It is further specifically denied that Answering Defendants designed, assembled or manufactured the product;

u.     failed to install or place warning notices in obvious or conspicuous places on said product;

v.     failed to warn of the many limitations with respect to the capabilities and capacities of the product. Further, there were no limitations in these regards.

w.     failed to comply with various laws, regulations and customs of the industry with regard to safety of such products.

x.     failed to comply with OSHA regulations with regard to the safety of such products;

y.     otherwise failed to use care and caution under the circumstances. It is further specifically denied that said product failed, was defective or malfunctioned.

z.     failed to assemble the product with appropriate devices so as to prevent an accident. It is further specifically denied that Answering Defendants assembled the product;

aa.     failed to properly inspect the product prior to placing it in the stream of commerce. It is further specifically denied that Answering Defendants placed it in the stream of commerce;

bb.    failed to design a product with adequate material and safety devices. It is further specifically denied that Answering Defendants designed the product and specifically denied that the product did not have adequate material and safety devices;

cc.    distributed a defective product to the general public and to the Plaintiff's employer. It is further specifically denied that Answering Defendants distributed the product;

dd.    advertised a defective product to the general public and to the Plaintiff's employer. It is further specifically denied that Answering Defendants advertised the product and that the product was defective.

ee.    failed to properly train, control and supervise the intended users in the design, manufacture, reconditioning, maintenance, use and assembly of said product. It is further specifically denied that Answering Defendants had a duty to train, control or supervise intended users, or that Answering Defendants designed, manufactured, reconditioned, maintained, used and/or assembled the product;

ff.    made false representations to plaintiff that the product was safe for use. It is further specifically denied that the product was defective and/or in a dangerous condition;

gg.    utilized defective materials in the manufacture, design, installation, maintenance or use of the product. It is further specifically denied that Answering Defendants manufactured, designed, installed, maintained or used the product and that defective materials were used;

hh.     failed to properly maintain and service the product. It is further

specifically denied that Answering Defendants maintained or serviced the product and

that it was a hazard;

ii.     were negligent, careless and/or reckless at law;

jj.     were negligent and reckless in any regard whatsoever.

163.    Denied. These allegations contain conclusions of law to which no

responsive pleading is required. Therefore, same are denied and strict proof thereof is

demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp.

(incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and

American Meat Equipment LLC (incorrectly identified as American Meat Equipment

LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together

with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXXVI

## JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, CORP. (incorrectly identified as AMERICAN MEAT EQUIPMENT CORP., d/b/a BUCTHER BOY) BREACH OF WARRANTY

164.    Answering Defendants hereby incorporate Paragraphs 1 -163 as if the

same were fully set forth herein.

165.    Denied. These allegations contain conclusions of law to which no

responsive pleading is required. It is specifically denied that Answering Defendants had

any such duty or made any such warranties Therefore, same are denied and strict proof

thereof is demanded at time of trial.

166. Denied. These allegations contain conclusions of law to which no responsive pleading is required. It is specifically denied that Answering Defendants had any such duty or made any such warranties. Answering Defendants did not cause any injuries or damages. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXXVII

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, CORP. (incorrectly identified as AMERICAN MEAT EQUIPMENT CORP., d/b/a BUTCHER BOY) FRAUDULENT CONVEYANCE

167. Answering Defendants hereby incorporate Paragraphs 1 -166 as if the same were fully set forth herein.

168. Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that Answering Defendants are the "alter ego" of Defendants. Lasar Manufacturing Co. and Westglen Corporation.

169. Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial.

170. Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that any fraudulent

conveyance occurred to Answering Defendants and it is denied that Answering

Defendants are liable for the alleged injuries and damages to Plaintiff, Jae Hwan Hwang.

WHEREFORE, Answering Defendants, American Meat Equipment Corp.

(incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and

American Meat Equipment LLC (incorrectly identified as American Meat Equipment

LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together

with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXXVIII

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, CORP. (incorrectly identified as AMERICAN MEAT EQUIPMENT CORP, d/b/a BUTCHER BOY) PIERCE CORPORATE VEIL

171.    Answering Defendants hereby incorporate Paragraphs 1 -170 as if the

same were fully set forth herein.

172.    Denied. All averments in this paragraph are strictly denied and strict proof

thereof is demanded at time of trial. It is specifically denied that Answering Defendants

are the "alter ego" of Defendants, Lasar Manufacturing Co. and Westglen Corporation.

173.    Denied. All averments in this paragraph are strictly denied and strict proof

thereof is demanded at time of trial.

174.    Denied. All averments in this paragraph are strictly denied and strict proof

thereof is demanded at time of trial.

175.    Denied. All averments in this paragraph are strictly denied and strict proof

thereof is demanded at time of trial. It is specifically denied that the corporate veil of

Answering Defendants should be pierced, and it is further specifically denied that

Answering Defendants are the "alter ego" of Defendants, Lasar Manufacturing Co. and Westglen Corporation.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XXXIX

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, CORP. (incorrectly identified as AMERICAN MEAT EQUIPMENT CORP, d/b/a BUTCHER BOY) SUCCESSOR LIABILITY

176.    Answering Defendants hereby incorporate Paragraphs 1 -175 as if the same were fully set forth herein.

177.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that Answering Defendants are the "alter ego" of Defendants, Lasar Manufacturing Co. and Westglen Corporation.

178.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial.

179.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that Answering Defendants are the "alter ego" of Defendants, Lasar Manufacturing Co. and Westglen Corporation.

180.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that Answering Defendants are liable for any alleged injuries and damages to Plaintiff, Jae Hwan Hwang.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XL

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, LLC (incorrectly identified as AMERICAN MEAT EQUIPMENT, LLC d/b/a BUTCHER BOY) STRICT LIABILITY

181. Answering Defendants hereby incorporate Paragraphs 1-180 as if the same were fully set forth herein.

182. Denied. These allegations contain conclusions of law to which no responsive pleading is required. Answering Defendants specifically deny that they are strictly liable to Plaintiffs and specifically deny that the product was defective and/or that it was unreasonably dangerous at the time it was distributed. It is further specifically denied that Answering Defendants failed to warn Plaintiffs and other prospective users. The remaining averments of this paragraph are denied and strict proof thereof is demanded at time of trial.

183. Denied. These allegations contain conclusions of law to which no responsive pleading is required. It is specifically denied that Plaintiffs sustained any injuries and damages caused by Answering Defendants. It is further specifically denied that the product was defective and/or had otherwise dangerous propensities.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and

American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLI

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, LLC (incorrectly identified as AMERICAN MEAT EQUIPMENT, LLC d/b/a BUTCHER BOY) NEGLIGENCE

184.     Answering Defendants hereby incorporate Paragraphs 1 -183 as if the same were fully set forth herein.

185 (a-jj). (a-jj). Denied. The allegations in this contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial. However, by way of further response, there was no negligence, carelessness and/or recklessness caused by Answering Defendants, and it is specifically denied that Answering Defendants:

a.     improperly placed the "ON/OFF" switch in safe position;

b.     failed to properly position the "ON/OFF" switch. Further, it is denied that it was hazardous to Plaintiffs;

c.     failed to place a durable safety guard on the product;

d.     failed to have a "foolproof" guard that was permanently attached;

e.     failed to lengthen the feed throat to move the grinder farther away from the operator's fingers;

f.     failed to have an emergency stop switch;

g.     permitted a defective product to be placed into the stream of commerce. Answering Defendants further specifically deny that the product was defective.

h.      failed to do anything to notify owners of potential improvements made to the product, including a retrofit program;

i.      failed to notify the owners of the dangers of the product. It is further specifically denied that the product had any dangers.

j.      failed to adequately warn of the inherent danger and propensities of its product. It is further specifically denied that the product had any inherent dangers or propensities;

k.      failed to adequately provide for protective measures including a "fail-safe" technology;

l.      failed to employ adequate measures in the assembly, design, manufacture, recondition and production of the product. It is further specifically denied that Answering Defendants assembled, designed, manufactured, reconditioned and produced the product and it is specifically denied that the product was a hazard;

m.      failed to protect the product from seizing to function safely and properly;

n.      failed to inspect the product so as to prevent an injury from occurring;

o.      failed to properly design said product in such a manner as would afford adequate protection from injury of the lawful user thereof. It is further specifically denied that Answering Defendants designed said product and that the product did not contain adequate protection.

p.      failed to supply adequate warnings to the users thereof. It is further specifically denied that the product malfunctioned;

q.      failed to supply any notices of warnings of the dangers of the product. It is further specifically denied that the product was dangerous;

r.    failed to design, manufacture and assemble said product in such a manner that it would not become defective. It is further specifically denied that Answering Defendants designed, manufactured or assembled the product and that the product was defective.

s.    failed to warn the Plaintiff or other users of the risk of the product. It is specifically denied that the product contained risks requiring warning;

t.    failed to exercise due care in the design, assemble or manufacture the product. It is further specifically denied that Answering Defendants designed, assembled or manufactured the product;

u.    failed to install or place warning notices in obvious or conspicuous places on said product;

v.    failed to warn of the many limitations with respect to the capabilities and capacities of the product. Further, there were no limitations in these regards.

w.    failed to comply with various laws, regulations and customs of the industry with regard to safety of such products.

x.    failed to comply with OSHA regulations with regard to the safety of such products;

y.    otherwise failed to use care and caution under the circumstances. It is further specifically denied that said product failed, was defective or malfunctioned.

z.    failed to assemble the product with appropriate devices so as to prevent an accident. It is further specifically denied that Answering Defendants assembled the product;

aa.     failed to properly inspect the product prior to placing it in the stream of commerce. It is further specifically denied that Answering Defendants placed it in the stream of commerce;

bb.     failed to design a product with adequate material and safety devices. It is further specifically denied that Answering Defendants designed the product and specifically denied that the product did not have adequate material and safety devices;

kk.     distributed a defective product to the general public and to the Plaintiff's employer. It is further specifically denied that Answering Defendants distributed the product;

ll.     advertised a defective product to the general public and to the Plaintiff's employer. It is further specifically denied that Answering Defendants advertised the product and that the product was defective.

mm.     failed to properly train, control and supervise the intended users in the design, manufacture, reconditioning, maintenance, use and assembly of said product. It is further specifically denied that Answering Defendants had a duty to train, control or supervise intended users, or that Answering Defendants designed, manufactured, reconditioned, maintained, used and/or assembled the product;

nn.     made false representations to plaintiff that the product was safe for use. It is further specifically denied that the product was defective and/or in a dangerous condition;

oo.     utilized defective materials in the manufacture, design, installation, maintenance or use of the product. It is further specifically denied that Answering

Defendants manufactured, designed, installed, maintained or used the product and that

defective materials were used;

     pp.    failed to properly maintain and service the product. It is further

specifically denied that Answering Defendants maintained or serviced the product and

that it was a hazard;

     qq.    were negligent, careless and/or reckless at law;

     rr.    were negligent and reckless in any regard whatsoever.

     186.    Denied. These allegations contain conclusions of law to which no

responsive pleading is required. Therefore, same are denied and strict proof thereof is

demanded at time of trial.

     WHEREFORE, Answering Defendants, American Meat Equipment Corp.

(incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and

American Meat Equipment LLC (incorrectly identified as American Meat Equipment

LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together

with reasonable costs and attorneys fees incurred as a result of defending this matter.

### COUNT XLII

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, LLC (incorrectly identified as AMERICAN MEAT EQUIPMENT LLC. d/b/a BUTCHER BOY) BREACH OF WARRANTY

     187.    Answering Defendants hereby incorporate Paragraphs 1 -186 as if the

same were fully set forth herein.

     188.    Denied. These allegations contain conclusions of law to which no

responsive pleading is required. It is specifically denied that Answering Defendants had

any such duty or made any such warranties. Therefore, same are denied and strict proof thereof is demanded at time of trial

189. Denied. These allegations contain conclusions of law to which no responsive pleading is required. It is specifically denied that Answering Defendants had any such duty or made any such warranties. Answering Defendants did not cause any injuries or damages. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLIII

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, LLC (incorrectly identified as AMERICAN MEAT EQUIPMENT LLC. d/b/a BUTCHER BOY) FRAUDULENT CONVEYANCE

190. Answering Defendants hereby incorporate Paragraphs 1 -76 as if the same were fully set forth herein.

191. Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that Answering Defendants are the "alter ego" of Defendants. Lasar Manufacturing Co. and Westglen Corporation.

192. Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial.

193.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that any fraudulent conveyance occurred to Answering Defendants and it is denied that Answering Defendants are liable for the alleged injuries and damages to Plaintiff, Jae Hwan Hwang.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLIV

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, LLC (incorrectly identified as AMERICAN MEAT EQUIPMENT LLC. d/b/a BUTCHER BOY) PIERCE CORPORATE VEIL

194.    Answering Defendants hereby incorporate Paragraphs 1 -193 as if the same were fully set forth herein.

195.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that Answering Defendants are the "alter ego" of Defendants, Lasar Manufacturing Co. and Westglen Corporation.

196.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial.

197.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial.

198. Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that the corporate veil of Answering Defendants should be pierced, and it is further specifically denied that Answering Defendants are the "alter ego" of Defendants, Lasar Manufacturing Co. and Westglen Corporation.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLV

### JAE HWAN HWANG V. AMERICAN MEAT EQUIPMENT, LLC (incorrectly identified as AMERICAN MEAT EQUIPMENT LLC. d/b/a BUTCHER BOY) SUCCESSOR LIABILITY

199. Answering Defendants hereby incorporate Paragraphs 1 -198 as if the same were fully set forth herein.

200. Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that Answering Defendants are the "alter ego" of Defendants, Lasar Manufacturing Co. and Westglen Corporation.

201. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. To the extent that these allegations are deemed to apply to Answering Defendants, same are denied and strict proof thereof is demanded at time of trial.

202.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial. It is specifically denied that Answering Defendants are the "alter ego" of Defendants, Lasar Manufacturing Co. and Westglen Corporation.

203.    Denied. All averments in this paragraph are strictly denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLVI

### JAE HWAN HWANG V. SIEMENS-FURNAS CONTROLS
### STRICT LIABILITY

204.    Answering Defendants hereby incorporate Paragraphs 1 -203 as if the same were fully set forth herein.

205.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

206.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLVII

## JAE HWAN HWANG V. SIEMENS-FURNAS CONTROLS NEGLIGENCE

207.     Answering Defendants hereby incorporate Paragraphs 1 -206 as if the same were fully set forth herein.

208(a-jj). Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

209.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLVIII

## JAE HWAN HWANG V. SIEMENS-FURNAS CONTROLS
## BREACH OF WARRANTY

210.     Answering Defendants hereby incorporate Paragraphs 1 -209 as if the same were fully set forth herein.

211.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

212.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLVIX

## JAE HWAN HWANG V. SIEMENS-FURNAS CONTROLS
## SUCCESSOR LIABILITY

213.     Answering Defendants hereby incorporate Paragraphs 1 -212 as if the same were fully set forth herein.

214. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLX

## JAE HWAN HWANG V. FURNAS ELECTRIC CO.
## STRICT LIABILITY

215. Answering Defendants hereby incorporate Paragraphs 1 -214 as if the same were fully set forth herein.

216. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

217. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and

American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLXI

## JAE HWAN HWANG V. FURNAS ELECTRIC CO.
## NEGLIGENCE

218.    Answering Defendants hereby incorporate Paragraphs 1 -2176 as if the same were fully set forth herein.

219 (a-jj) Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

220.    Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## COUNT XLXII

### JAE HWAN HWANG V. FURNAS ELECTRIC CO.
### BREACH OF WARRANTY

221.     Answering Defendants hereby incorporate Paragraphs 1 -220 as if the same were fully set forth herein.

222.     Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

223. Denied. The allegations in this paragraph are not directed to Answering Defendants and therefore no responsive pleading is required. By way of further response, these allegations contain conclusions of law to which no responsive pleading is required. Therefore, same are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

### COUNT XLXIII

### JAE HWAN HWANG V. ALL DEFENDANTS, BUTCHER BOY LIMITED d/b/a BUTCHER BOY, IGB SYSTEMS LTD. d/b/a BUTCHER BOY, WILLIAM LASAR III d/b/a BUTCHER BOY, WESTGLEN CORPORATION d/b/a BUTCHER BOY, LASAR MANUFACTURING COMPANY, INC. d/b/a

**BUTCHER BOY, AMERICAN MEAT EQUIPMENT CORP. (incorrectly identified as AMERICAN MEAT EQUIPMENT CORP., d/b/a BUTCHER BOY), AMERICAN MEAT EQUIPMENT LLC (incorrectly identified as AMERICAN MEAT EQUIPMENT LLC, d/b/a BUTCHER BOY), BUTCHER BOY, SIEMENS-FURNAS CONTROLS AND FURNAS ELECTRIC CO.**

224.    Answering Defendants hereby incorporate Paragraphs 1 -223 as if the same were fully set forth herein.

225.    Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph, and therefore deny same and demands strict proof thereof at time of trial.

226.    Denied. It is specifically denied that Answering Defendants caused any alleged injuries or damages to Plaintiffs. Strict proof thereof is demanded at time of trial.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Answering Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the applicable comparative negligence statutes of Pennsylvania.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of any and all alleged injuries.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred and/or limited by the appropriate statute of limitations and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs were contributorily negligent.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the doctrines of waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Answering Defendants may be barred by the Pennsylvania Workers' Compensation statute.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and/or losses were caused in whole or in part by the acts, omissions or conduct of others over whom Answering Defendants had no control.

### TENTH AFFIRMATIVE DEFENSE

If Answering Defendants are found liable, which liability is specifically denied, the actions and/or inactions and/or liability producing conduct of others, including the Plaintiffs, proportionally reduces any liability of Answering Defendants

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and/or damages were caused in whole or in part by some third party or parties over whom Answering Defendants had no control or right to control.

## TWELFH AFFIRMATIVE DEFENSE

Answering Defendants were at no time negligent, careless and/or reckless nor did they breach any duty to the Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Service of process was improper.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join all necessary parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. Section 7102.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants assert any defense available to them in any written documents applicable to this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs acted in contravention of warnings and instructions provided and it was their misuse of the product, and not any defective condition(s), which caused any alleged injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

No act or omission on the part of Answering Defendants was the proximate or actual cause of any alleged injuries or damages Plaintiffs allege to have suffered.

## NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to assert more defense as they develop throughout the discovery process.

WHEREFORE, Answering Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy), demand judgment in their favor against Plaintiffs together with reasonable costs and attorneys fees incurred as a result of defending this matter.

## NEW MATTER CROSS CLAIMS AGAINST DEFENDANTS BUTCHER BOY LIMITED d/b/a BUTCHER BOY, IGB SYSTEMS LTD. d/b/a BUTCHER BOY, WILLIAM LASAR III d/b/a BUTCHER BOY, WESTGLEN CORPORATION d/b/a BUTCHER BOY, LASAR MANUFACTURING COMPANY, INC. d/b/a BUTCHER BOY, BUTCHER BOY, SIEMENS-FURNAS CONTROLS AND FURNAS ELECTRIC CO.

1.      If the allegations in Plaintiffs' Complaint are proven at the time of trial, all of which are allegations that Answering Defendants specifically deny, then Plaintiffs' injuries were caused in whole or in part by the carelessness, recklessness, negligence or other breach of duty on the part of Defendants, Butcher Boy Limited d/b/a Butcher Boy, IBG Systems Ltd. d/b/a Butcher Boy, William Lasar III d/b/a Butcher Boy, Butcher Boy, Lasar Manufacturing Company, Inc. d/b/a Butcher Boy, Westglen Corporation d/b/a Butcher Boy, Siemens-Furnas Controls and Furnas Electric Co., as set forth in Plaintiffs' Complaint, which is referenced herein without adoption or admission.

2.      Answering Defendants, believe, and therefore aver, that in the event that a judgment is entered in favor of Plaintiffs, then said judgment should be entered solely against Defendants, Butcher Boy Limited d/b/a Butcher Boy, IBG Systems Ltd. d/b/a

Butcher Boy, William Lasar III d/b/a Butcher Boy, Butcher Boy, Lasar Manufacturing Company, Inc. d/b/a Butcher Boy, Westglen Corporation d/b/a Butcher Boy, Siemens-Furnas Controls and Furnas Electric Co. and/or if said judgment is entered in favor of Plaintiffs and against Answering Defendants, then said Answering Defendants are entitled to indemnity and/or contribution from Defendants, Butcher Boy Limited d/b/a Butcher Boy, IBG Systems Ltd. d/b/a Butcher Boy, William Lasar III d/b/a Butcher Boy, Butcher Boy, Lasar Manufacturing Company, Inc. d/b/a Butcher Boy, Westglen Corporation d/b/a Butcher Boy, Siemens-Furnas Controls and Furnas Electric Co., by reason of their joint and several liability.

**WHEREFORE**, Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy) pray that judgment be entered in their favor or, in the alternative, demand that judgment be entered against Defendants, Butcher Boy Limited d/b/a Butcher Boy, IBG Systems Ltd. d/b/a Butcher Boy, William Lasar III d/b/a Butcher Boy, Butcher Boy, Lasar Manufacturing Company, Inc. d/b/a Butcher Boy, Westglen Corporation d/b/a Butcher Boy, Siemens-Furnas Controls and Furnas Electric Co., holding them solely liable to Plaintiffs and/or liable over to Defendants, American Meat Equipment Corp. (incorrectly identified as American Meat Equipment Corp., d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC., d/b/a Butcher Boy) for contribution and/or indemnification on all counts and claims, including all attorneys fees and costs incurred in the defense of this action.

Respectfully Submitted,

**DEASEY, MAHONEY, VALENTINI & NORTH, LTD.**

By: _____
ATHENA O. PAPPAS, ESQUIRE
FRANCIS J. DEASEY, ESQUIRE
Attorneys for Defendants, American Meat Equipment
Corp. (incorrectly identified as American Meat Equipment
Corp, d/b/a Butcher Boy) and American Meat Equipment
LLC (incorrectly identified as American Meat Equipment
LLC, d/b/a Butcher Boy)

DATED: 10/27/04

# CERTIFICATE OF SERVICE

I, Athena O. Pappas, Esquire hereby certify that I have served upon all persons listed below a true and correct copy of the Answer with Affirmative Defenses and Cross Calims to Plaintiffs' Complaint of Defendants, American Meat Equipment Corp., (incorrectly identified as American Meat Equipment Corp, d/b/a Butcher Boy) and American Meat Equipment LLC (incorrectly identified as American Meat Equipment LLC, d/b/a Butcher Boy) in the above-captioned matter this date by ECF and/or First-Class mail, postage prepaid to all parties listed below:

*Attorney for Plaintiffs*
Christy Adams, Esquire
Adams Renzi Law
1601 Sansom Street, Suite 2C
Philadelphia, PA 19103


*Counsel for Defendant, Siemens-Furnas Controls*
Kathleen D. Wilkinson, Esquire
The Curtis Center
Suite 1130 East
Philadelphia, PA 19106

*Unrepresented Parties:*
Butcher Boy Limited d/b/a
Butcher Boy
Lochview Road
Willowyard
Beith
Ayrshire, KA15 1JB
Scotland
United Kingdom

IGB Systems Ltd, d/b/a
Butcher Boy
Lochview Road
Willowyard
Beith
Ayrshire, KA 15 1JB
Scotland
United Kingdom

William Lasar, III, d/b/a
Butcher Boy
Lochview Road
Willowyard
Beith
Ayrshire, KA15 1JB
Scotland
United Kingdom

William Lasar, III
17419 Largs Circle,
Spring, TX 77379

Butcher Boy
Lochview Road
Willowyard
Beith
Ayrshire, KA15 1JB
Scotland
United Kingdom

Lasar Manufacturing Company, Inc., d/b/a
Butcher Boy
2540 East 114th Street
Los Angeles, CA 90059

Westglen Corporation, d/b/a
Butcher Boy
2538 E. 115th Street
Los Angeles, CA 90059

**DEASEY, MAHONEY, VALENTINI & NORTH, LTD.**

By: /s/ Athena O. Pappas, Esquire

ATHENA O. PAPPAS, ESQUIRE
FRANCIS J. DEASEY, ESQUIRE
Attorneys for Defendants, American Meat Equipment
Corp. (incorrectly identified as American Meat Equipment
Corp., d/b/a Butcher Boy) and American Meat Equipment
LLC (incorrectly identified as American Meat Equipment
LLC, d/b/a Butcher Boy)

Date: October 27, 2009