UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAE HWAN HWANG, and YOUNG HWANG § § § § v. § Civil Action No. 2:09-CV-1178 § BUTCHER BOY LIMITED d/b/a § BUTCHER BOY, and IGB § SYSTEMS LTD d/b/a BUTCHER § BOY, and WILLIAM LASAR III § d/b/a BUTCHER BOY, and § BUTCHER BOY, and LASAR § MANUFACTURING COMPANY, § INC. d/b/a BUTCHER BOY, and § WESTGLEN CORPORATION d/b/a § BUTCHER BOY, and AMERICAN § MEAT EQUIPMENT CORP. d/b/a § BUTCHER BOY, and AMERICAN § MEAT EQUIPMENT LLC d/b/a § BUTCHER BOY and, BUTCHER § BOY, and SIEMENS-FURNAS § CONTROLS, and FURNAS ELECTRIC § CO. § | |

## WILLIAM LASAR III'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT JUDGMENT

William Lasar, III files this Opposition to Plaintiffs' Motion for Entry of Default Judgment. Plaintiff filed a motion to enter a default judgment on February 12, 2010. (Docket 33). That Motion is pending. No default has been entered. Lasar has now filed a Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(2). Therefore no default order should be entered against him. *See* FED. R. CIV. P. 55(a) (authorizing a default only when a party has "failed to plead or otherwise defend."). For these and the additional reasons discussed below, Lasar asks the Court to deny Plaintiff's motion to enter a default.

1

## INTRODUCTION

Defendant Lasar was served with the lawsuit in October, 2009. (Exhibit A). Within the 20 day period following his receipt of the legal papers, he contacted Plaintiffs' counsel regarding the lawsuit and explained that he has no affiliation with any of the companies at issue and is not a proper party. Plaintiff's counsel inquired into the status of certain entities and the potential availability of insurance for those entities, explaining that counsel is primarily interested in insurance information. Mr. Lasar agreed to cooperate and help gather information Plaintiffs' counsel sought. Mr. Lasar believed from his discussion that he and counsel were working towards an alternative to his participation in the lawsuit. (*Id*).

On February 2, 2010, Plaintiff's counsel called him and asked him if he would respond to additional questions regarding insurance. Lasar said he would. Plaintiffs' counsel and Lasar then conferred further about insurance and other matters. (Id.). He received no further communication from Plaintiffs' counsel.

On February 22, 2010, Lasar learned that a motion for default judgment had been filed. He was surprised to learn of the motion for default judgment because he had not heard from Plaintiffs' counsel that a default would be sought. He immediately called several attorneys offices to respond to the motion for default judgment. After those firms did not return his phone calls, he contacted and retained Chamberlain, Hrdlicka, White, Williams & Martin on February 24th to respond to the lawsuit as was never his intent to default. Rather, Lasar believed he was working cooperatively with Plaintiffs' counsel regarding insurance inquiries and related questions in lieu of his personal participation in the lawsuit. (*Id*.).

2

### Default is Improper Because Lasar has Not Failed to Plead or Otherwise Defend

Plaintiff filed a motion to enter a default judgment on February 12, 2010. (Docket 33). That Motion is pending. Because Lasar has filed a Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(2), a default is improper. *See* FED. R. CIV. P. 55(a) (authorizing a default only when a party has "failed to plead or otherwise defend."). Lasar respectfully asks the Court to deny Plaintiff's motion for default judgment since he has now filed his Rule 12(b) motion.

Nobly, the right to contest personal jurisdiction is not waived by a defaulting party who fails to appear or respond to a complaint. *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202 (10th Cir.1986); *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 873 (3d. Cir.1944). Additionally, this Court has denied requests for defaults when the failure to timely answer was related to ongoing discussions between the parties. *Idearc Media LLC v. Aalegher Termite & Pest Control, Inc.*, — F. Supp. 2d —, 2010 WL 234844, *2 (E.D. Pa. 2010) (slip copy) (J. Brody) (considering ongoing settlement discussions between the parties in the decision to deny the defendants' motion for entry of a default judgment).

Moreover, even though no default has been entered, as this Court pointed out in *Coleman v. Duran*, "[t]he lack of *in personam* jurisdiction warrants the setting aside by a court of a default entry or default judgment." 1994 WL 70010, 1 (E.D. Pa. 1994) (citing *Jones v. Davey*, 702 F.Supp. 752, 754 (E.D.Mo.1988), *aff'd*, 889 F.2d 1092 (8th Cir. 1989)). In *Coleman*, the court denied the defendant's motion for entry of a default judgment under similar circumstances and, in so doing, noted that "[w]hile a party may waive a defect in personal jurisdiction, it is now clear that defendant has no intention of doing so." *Id.*

In light of the pending Motion to Dismiss for Lack of Personal Jurisdiction and the circumstances set forth above, this Court should deny Defendant's Motion for Entry of Default.

3

## CONCLUSION AND PRAYER

Based on the foregoing, Defendant William Lasar, III. respectfully requests that the Court deny Plaintiffs' Motion for Entry of a Default.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & MARTIN

By: *[signature]*

Steven J. Knight *
State Bar No. 24012975
Ryan O. Cantrell *
State Bar No. 24055259
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630 (Telephone)
(713) 658-2553 (Fax)
ATTORNEYS FOR WILLIAM LASAR, III.

\* Counsel will file a motion for admission pro hac vice in short order, or, alternatively, Mr. Lasar will retain counsel licensed in this state, who will substitute as his counsel.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been service to all counsel of record on this 24 day of February, 2010, via facsimile:

**Counsel for Plaintiff**
Christy Adams
Adams Renzi Law
1601 Sansom Street, Ste. 2C
Philadelphia, PA 19103:
Fax: 215-546-4211

**Counsel for American Meat Equipment Corp.**
Francis J. Deasey
Deasey, Mahoney, Valentini, North, LTD
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2978
Fax: 215-587-9456

**Counsel for Furnas Electric Co. and Siemens Furnas Controls**
Kathleen D. Wilkinson
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Suite 1130 East
Independence Square West
Philadelphia, PA 19106
Fax: 215-627-2665

Steven J. Knight