UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAE HWAN HWANG, and<br>YOUNG HWANG<br><br>v.<br><br>BUTCHER BOY LIMITED d/b/a<br>BUTCHER BOY, and IGB<br>SYSTEMS LTD d/b/a BUTCHER<br>BOY, and WILLIAM LASAR III<br>d/b/a BUTCHER BOY, and<br>BUTCHER BOY, and LASAR<br>MANUFACTURING COMPANY,<br>INC. d/b/a BUTCHER BOY, and<br>WESTGLEN CORPORATION d/b/a<br>BUTCHER BOY, and AMERICAN<br>MEAT EQUIPMENT CORP. d/b/a<br>BUTCHER BOY, and AMERICAN<br>MEAT EQUIPMENT LLC d/b/a<br>BUTCHER BOY and, BUTCHER<br>BOY, and SIEMENS-FURNAS<br>CONTROLS, and FURNAS ELECTRIC<br>CO. | Civil Action No. 2:09-CV-1178 |

## WILLIAM LASAR, III.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

William Lasar, III files this Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2) as follows.

### INTRODUCTION

This is a products liability lawsuit filed by Plaintiffs Jae Hwan Hwang and Young Hwang (collectively, "Hwang"). The lawsuit was originally filed in state court. American Meat Equipment Corp., removed the case to federal court.

According to Hwangs' Petition, Jae Hwan Hwang was injured while operating a "Butcher Boy meat grinder." (Petition at ¶14). According to Hwang, the product at issue "was designed, manufactured, distributed, sold, marketed and/or otherwise placed into the stream of commerce

1

by one or more of the Defendants, Butcher Boy Limited d/b/a Butcher Boy, IGB Systems LTD d/b/a Butcher Boy, William Lasar III d/b/a Butcher Boy, Butcher Boy, Lasar Manufacturing Company, Inc. d/b/a Butcher Boy, Westglen Corporation d/b/a Butcher Boy, American Meat Equipment Corp. d/b/a Butcher Boy, American Meat Equipment, LLC d/b/a Butcher Boy, Butcher Boy, Siemens-Furnas Controls and Furnas Electric Co.

Hwang alleges, based on their "information and belief," that William Lasar III:

- Placed Lasar Manufacturing Co. into bankruptcy;
- "Gutted" Lasar Manufacturing Co. to avoid liability for personal injury claims;
- Transferred assets of Lasar Manufacturing Co. to Westglen Corporation, the alleged "alter ego" of Lasar Manufacturing Co.;
- Transferred the assets of Lasar Manufacturing Co. to Westglen Corporation;
- Transferred assets of Lasar Manufacturing Co and Westglen Corporation to Butcher Boy Limited, IGB Systems LTD and Butcher Boy in Scotland, which are alleged "alter egos" of Lasar Manufacturing Co and Westglen Corporation;
- Transferred the assets of Lasar Manufacturing Co. and Westglen Corporation to Butcher Boy Limited, IGB Systems, LTD and Butcher Boy in Scotland;
- Transferred assets of Lasar Manufacturing Co and Westglen Corporation to American Meat Equipment Corp. American Meat Equipment LLC and Butcher Boy which are alleged "alter egos" of Lasar Manufacturing Co and Westglen Corporation; and
- Transferred the assets of Lasar Manufacturing Co and Westglen Corporation to American Meat Equipment, American Meat Equipment LLC and Butcher Boy.

(Petition at ¶¶ 23-30).[1]

Hwang alleges that William Lasar does business as various entities and is thus personally liable under a barrage of theories, including "fraudulent conveyance," warranty, negligence, strict

---

[1] Although originally filed in March 2009, Plaintiffs did not attempt to serve Mr. Lasar until October 2009. Once served, Lasar and Plaintiffs' counsel engaged in ongoing discussions about the claims raised herein until Plaintiffs sought a default against Mr. Lasar individually on February 12, 2010.

products liability, piercing the corporate veil, "breach of fiduciary duty of liquidating trustee," etc.

As stated herein, Mr. Lasar has no affiliation with, no ownership interest in, is not employed by, or otherwise involved with any of the entities that have been identified as Defendants in this lawsuit. Further, he lacks contacts with the State of Pennsylvania to justify the imposition of personal jurisdiction over him. Accordingly, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Mr. Lasar respectfully requests the Court to dismiss Hwangs' claims against him.

## PERSONAL JURISDICTION STANDARDS

Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposely established "minimum contacts" with a forum state, and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84 (1985); *Worldwide Volkswagen Corp. v. Woodson*, 44 U.S. 286, 291-92, 100 S.Ct. 559, 564 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

Where a federal court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, the "federal district court may assert personal jurisdiction over a non-resident of the state in which the court sits to the extent authorized" by that state's law. *Fisher v. Teva PFC SRL*, No. 05-4238, 2006 WL 3770627 (3d Cir. 2006). Pennsylvania's long-arm statute "provides that its reach is coextensive with the limits placed on the states by the federal Constitution." *Vetrotex Certainteed Corp., v. Consol Fiber Glass Prods Co.*, 75 F.3d 147, 150 (3d Cir. 1996); 42 Pa.C.S.A. § 5322(b).

"In deciding whether specific personal jurisdiction is appropriate, a court must first determine whether the defendant has the minimum contacts with the forum necessary to have reasonably anticipated being haled into court here." *Bragg v. Linden Research*, 487 F. Supp. 2d 593, 598 (E.D. Penn. 2007). "Second, once minimum contacts have been established, a court may inquire whether the assertion of personal jurisdiction would comport with traditional conceptions of fair play and substantial justice." *Id.*

Personal jurisdiction can be established in two different ways: specific jurisdiction and general jurisdiction. *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-16, 104 S. Ct. 1868 (1984). "Specific jurisdiction is established when the basis of the 'plaintiff's claim is related to or arises out of the defendant's contacts with the forum.'" *Bragg*, 487 F. Supp. 2d at 597 (citing *Pennzoil Products Co. v. Colelli & Assoc. Inc.*, 149 F.3d 197, 201 (3d Cir. 1998)). "To successfully assert specific jurisdiction, a plaintiff must prove that the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Alliedbarton Security Services, LLC v. Onyx on the Bay*, NO. 08-3583, 2009 WL 5102512, *4 (E.D. Pa 2009). "General jurisdiction, on the other hand, does not require the defendant's contacts with the forum state to be related tot the underlying cause of action...but contacts must be haven 'continuous and systematic.'" *Id.*

A plaintiff bears "the burden of demonstrating [that the defendants'] contacts with the forum state [are] sufficient to give the court in personam jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). Such facts must be shown with particularity. *See Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). "The plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent

4

evidence...[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990). "Once the motion is made, plaintiff must respond with actual proofs not mere allegations." *Id.*

## ARGUMENTS AND AUTHORITIES

Plaintiffs do not allege, nor can they allege, that Mr. Lasar engaged in any specific conduct within the forum state which could warrant a finding of specific jurisdiction. Moreover, Mr. Lasar, who has never set foot in the state of Pennsylvania, clearly does not have continuous and systematic contacts sufficient to create general jurisdiction over Mr. Lasar. Indeed, imposing personal jurisdiction over this individual, who is in poor health and who lacks the financial resources defend litigation in this forum, would offend traditional notions of justice and fair play.

I. **The Hwangs' lawsuit against Mr. Lasar should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because this Court lacks specific jurisdiction over Mr. Lasar.**

The Hwangs' lawsuit is devoid of any allegation that the claims are related to or arise out of any of Mr. Lasar's contacts with the forum. The Hwangs do not allege that Lasar had a direct role in the incident which gave rise to the pending suit. To the contrary, the Hwangs' allegations against Lasar relate to conduct that—although Lasar disputes occurred at all—allegedly occurred outside the Pennsylvania forum.

Because "[s]pecific jurisdiction is established when the basis of the 'plaintiff's claim is related to or arises out of the defendant's contacts with the forum,'" and because there is no allegation, and can be no allegation, that Mr. Lasar's contacts with the forum (there are none) relate to Hwangs' alleged injury, there is no personal jurisdiction of Mr. Lasar. *Bragg*, 487 F.

Supp. 2d at 597 (citing *Pennzoil Products Co. v. Colelli & Assoc, Inc.*, 149 F.3d 197, 201 (3d Cir. 1998)). Accordingly, all claims against him asserted in this forum should be dismissed.

II. **Hwangs' lawsuit against Mr. Lasar should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because this Court lacks general jurisdiction over Mr. Lasar.**

As noted above, "general jurisdiction" is only established when a plaintiff meets its burden of proof that the defendant has "continuous and systematic contacts" with the forum state. *See Alliedbarton Security Services, LLC v. Onyx on the Bay*, NO. 08-3583, 2009 WL 5102512, *4 (E.D. Pa 2009).

Mr. Lasar has never set foot in Pennsylvania. As Mr. Lasar has asserted in his affidavit, he lives and resides in Houston, Texas, where he is a licensed Texas realtor and a sales manager at an automobile dealership. (Exhibit A). He has been living in Houston since 2005, and prior to that, he lived in Europe for many years. (*Id.*). He has never resided in or traveled to the State of Pennsylvania; sold any goods in Pennsylvania; entered into any contracts with anyone residing in Pennsylvania; availed himself of Pennsylvania laws; or participated in any meetings in Pennsylvania. (*Id.*). He has no business interests or property (real or personal) in Pennsylvania, and he has never been a party to any lawsuit filed in Pennsylvania (with the exception of the present case). (*Id.*). Moreover, he is not affiliated with, have an ownership interest in, employed by, or otherwise involved with any of the entities that have been identified as party defendants in this lawsuit. (*Id.*).

Mr. Lasar, who has *no* contacts with Pennsylvania whatsoever, certainly does not have "continuous and systematic" contacts as required to establish general jurisdiction and has not purposefully availed himself of any of the Pennsylvania forum. Under these circumstances, the Hwangs have not met, and cannot meet, their burden of establishing general jurisdiction.

Accordingly, the exercise of jurisdiction over Mr. Lasar would violate his rights as afforded under the Constitution. Mr. Lasar thus asks the Court to dismiss this lawsuit against him under Rule 12(b)(2).

**III.    The Hwangs' lawsuit against Mr. Lasar should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because the assumption of jurisdiction over Mr. Lasar offends traditional notions of fair play and substantial justice.**

Based on the lack of any contact, specific or general, with Pennsylvania, the assumption of jurisdiction over Mr. Lasar in Pennsylvania would also offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *See Int'l Shoe*, 326 U.S. at 16, 66 S. Ct. at 158. This Court should accordingly decline to exercise jurisdiction over Mr. Lasar. Among other things, he faces a large burden in litigating in the State of Pennsylvania, particularly where he has no contacts, residence, personnel or offices here; and he has had recent health problems that have caused him to have several lengthy hospital stays. Litigating in Pennsylvania would thus cause a significant financial hardship and potential medical complications. (Exhibit A).

## CONCLUSION AND PRAYER

Based on the foregoing, Defendant William Lasar, III respectfully requests that Plaintiffs' lawsuit against him be dismissed for lack of personal jurisdiction. Lasar further asks the Court to grant any and all other relief to which he may be entitled in law or equity.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & MARTIN

By: _____
Steven J. Knight *
State Bar No. 24012975
Ryan O. Cantrell*

State Bar No. 24055259
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630 (Telephone)
(713) 658-2553 (Fax)
ATTORNEYS FOR WILLIAM LASAR, III.

* Counsel will file a motion for admission *pro hac vice* in short order; alternatively, William Lasar III will retain counsel licensed in this state, who will substitute as his counsel.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been service to all counsel of record on this 25 day of February, 2010, via facsimile:

**Counsel for Plaintiff**
Christy Adams
Adams Renzi Law
1601 Sansom Street, Ste. 2C
Philadelphia, PA 19103
Fax: 215-546-4211

**Counsel for American Meat Equipment Corp.**
Francis J. Deasey
Deasey, Mahoney, Valentini, North, LTD
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2978
Fax: 215-587-9456

**Counsel for Furnas Electric Co. and Siemens Furnas Controls**
Kathleen D. Wilkinson
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Suite 1130 East
Independence Square West
Philadelphia, PA 19106
Fax: 215-627-2665\

Steven J. Knight